RUSSELLVILLE SPECIAL SCHOOL DISTRICT No. 14 *v.* TINSLEY.

Opinion delivered December 18, 1922.

SCHOOLS AND SCHOOL DISTRICTS—WRONGFUL DISCHARGE OF TEACHER—DAMAGES.—When a teacher employed for a nine months' term at a certain salary was wrongfully discharged after she had taught for three months, it is no defense that the district offered her the position of truant officer at same salary for the remainder of the term, as the teacher was not required to engage in employment of a different character in order to mitigate the damages for her wrongful discharge.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Hays, Ward & Hays,* for appellant.

When a servant is wrongfully discharged, it is his duty to make a reasonable effort to secure other similar employment. 58 Ark. 617. Here the plaintiff could have secured similar employment and suffered no damage.

*R. B. Wallace* and *Jas. H. A. Baker,* for appellee.

The school board had no power to employ an officer except as provided in § 9051, C. & M. Dig. The duties

of a truant officer are entirely different from those of a teacher.. 58 Ark. 623.

WOOD, J.    This is an action by the appellee against the appellant on a written contract by which the appellant agreed to employ the appellee to teach a common school in the appellant district for the term of nine months, commencing on the 20th day of September, 1920, and to pay her for her services the sum of $45 for each school month for half-day teaching, and the appellee agreed on her part "to keep said school open three hours each school day; to keep carefully the register required by law; to preserve from injury to the utmost of her power the district property; to give said school her entire time and best efforts during school hours; to use her utmost influence with parents to secure a full attendance of scholars, and generally to comply with all other requirements of the laws of this State in relation to teachers, to the best of her ability."

The appellee alleged that she had complied with the contract on her part, and that the appellant had violated same by discharging her without reason and just cause, after she had taught the school for three months; that the appellant was due her for the balance of the school term of six months in the sum of $270, for which she asked judgment.

The appellant defended below upon several grounds, all of which have been abandoned here except that the appellant had the right, under the contract, to transfer appellee from one department of work to another at the same salary, which appellant proposed to do, but to which the appellee refused her consent.    The testimony of the appellee on this issue was substantially as follows: The superintendent of the Russellville public school wrote to her to the effect that on December 7th the directors of appellant unanimously voted to transfer appellee to truant work, and if she did not report soon for that work her salary would be discontinued immediately.    The appellee was unwilling to accept the truant work employment.

She gave as her reason for so doing that she thought her contract as a teacher was good and binding on the district, and that she was not required under the contract to perform truant work. The board thereupon discharged appellee and refused to pay her for the remainder of the term.

The testimony on behalf of the appellant was to the effect that it did not discharge the appellee, but transferred her to truant work, and she quit. It was the duty of the truant officer to see that the children who played truant came to school; to see that the parents understood the troubles and differences that came up in the school, and notify them when their children were out of school; also to report to the teacher who had charge of any truant child, and to also report truants to the civil authorities.

Over the objection of appellant, the court instructed the jury as follows:

"3. If you find from the testimony in the case that they hired her to teach school for nine months and at the expiration of three months, if you further find from the proof that they discharged her without just cause, or without cause, then she would be entitled to recover damages; and her measure of damages would be what she was to receive under the contract during its unexpired period, less what amount she could receive from other occupations during that time. That is to say, if she didn't get to teach six months of the term, and find that she was discharged without cause, she would be entitled to recover six times $45. But if she made anything or could have made anything and did make anything at other avocations, you would, of course, deduct that from the $45 per month."

The court refused appellant's prayer for instruction as follows:

"2. The court instructs you that, if you find from the evidence in this cause that, at the time the defendant school district notified the plaintiff that it could no longer use her as a teacher, offered her employment as a truant officer at the same salary she was getting as a teacher,

and that the requirements as truant officer would not have required any more work on her part, and she refused to accept said employment, then in that event she would not have been damaged and would not be entitled to recover from the school district on account of loss of time or compensation, and, if you so find, then it will be your duty to return a verdict in favor of the defendant."

The court also refused to instruct the jury that it would be the duty of the appellee to use reasonable diligence to obtain other employment in order that she might minimize her damages, and that if she refused to accept the position of truant officer at the same salary she could not recover.

The jury returned a verdict in favor of the appellee in the sum of $150. From the judgment in her favor for that sum is this appeal.

Under section 9051 of Crawford & Moses' Digest the board of directors of any common school district is authorized to select attendance officers. Truant officers and attendance officers as used in the statute are the same. It is the duty of these officers "to investigate all cases of non-attendance and to give the parents or guardians of any non-attendants due warning and notice, in person or in writing, of the provisions of this act; and if such parent or guardian fails, neglects, or refuses to place such child or children in such school within five school days after receiving said notice, said attendance officer shall immediately file complaint against such parent or guardian with some peace officer, which peace officer shall at once issue a warrant of arrest for such parent or guardian. Such attendance officer shall serve such warrants of arrest issued under the provisions of this act."

Sec. 9052 of Crawford & Moses' Digest provides in part as follows: "All cases of non-attendance at school in violation of the above requirements which are not the fault of the parent, guardian or other person having control of such child or children, but are due to truancy on the part of the children, shall be considered as cases of

delinquency, and the teachers or truant officer shall report such child or children to the juvenile court or to the county court as delinquent children," etc.

It is clear from the above provisions that the duties of an attendance or truant officer as therein prescribed are wholly different from the duties which the appellee was bound to perform under the terms of her contract with the appellant. The duties as teacher which she was required to perform under her contract were entirely different from the duties which the testimony tends to prove that she would have had to perform had she accepted the position of truant officer, which appellant attempted to thrust upon her.

In *Van Winkle* v. *Satterfield,* 58 Ark. 617-620, Judge BATTLE, speaking for the court, quotes from *Gardenhire* v. *Smith,* 39 Ark. 280, as follows: "Where a servant is employed for a particular term at stipulated wages, and his employer discharges him without cause, before the expiration of the term, he may elect to treat the contract as continuing, keep himself in readiness to perform it on his part, and, after the expiration of the term, sue and recover of his employer on the contract the whole of the wages due him by its terms; less what he had an opportunity to make by like service after his dismissal." Judge BATTLE further said: "When a servant is wrongfully discharged by his employer, it is his duty to use reasonable efforts to avoid loss by securing employment elsewhere. It is not, however, his duty, if he was employed in any special service, as in this case, to engage in business different from that in which he was employed. * * * The burden of proof is on the employer to show that the servant might have obtained similar employment; for the failure of the servant to obtain other employment does not affect the right of action, but only goes in reduction of damages, and, if nothing else is shown, 'the servant is entitled to recover the contract price upon proving the employer's violation of the contract and his own willingness to perform.' "

The law as thus declared in *Van Winkle* v. *Satterfield, supra,* rules this case.  See, also, *Sweet* v. *McEwen,* 140 Ark. 162.  Under the above doctrine the instruction of the court was really more favorable to the appellant than it should have been.

The record presents no error, and the judgment is therefore affirmed.