MARION COUNTY RURAL SCHOOL
DISTRICT NO. 1 *v.* Phillip Leon RASTLE

78-190                               576 S.W. 2d 502

Opinion delivered February 5, 1979

*Donald J. Adams,* of *Adams, Covington & Younes,* for appellant.

*Frank H. Bailey* and *Richard S. Paden* of *Bailey & Paden,* for appellee and cross-appellant.

DARRELL HICKMAN, Justice. These parties were before us in a previous case, *Rastle* v. *Marion Co. Rural Sch. Dist.,* 260 Ark. 740, 543 S.W. 2d 923 (1976). Rastle, as a school teacher, had sued two school districts seeking a mandamus to require them to pay his teacher's salary, alleging a breach of contract. We decided that an action for mandamus and one for damages could not be jointly tried and stated that an election of remedies must be made.

Rastle apparently made his election and filed another action in the Marion County Chancery Court seeking payment for two years pursuant to his teacher's contract, for the school years 1975-1976 and 1976-1977. He joined Marion County Rural School District No. 1 and Oakland School District No. 2 as party defendants because the original district, Marion County Rural School District, had been divided into these districts on July 18; 1975.

The trial judge found Rastle's one-year contract for the school year 1974-1975 was automatically renewed due to Marion County Rural School District's failure to give written notice of nonrenewal and, therefore, Rastle was entitled to his contractual salary for the 1975-1976 school year, less some $2,185.00 which he had earned in mitigation of damages. The trial judge held Rastle was not entitled to any further relief. Oakland School District No. 2, a new district created after the school year 1974-1975, was found to have no liability. Marion County Rural School District No. 1, the appellant, did not seek any cross relief against Oakland from the trial court or appeal from the judgment as it related to the Oakland School District.

Marion County Rural School District No. 1 brings this appeal and argues that the trial court was wrong in holding Rastle's contract was automatically extended one year because no notice of nonrenewal was given by the district to Rastle.

Rastle argues on cross-appeal the trial court erred in holding the school district was liable for only one year since he has never received written notice of nonrenewal for the school year 1975-1976 or for the school year 1976-1977. Consequently, Rastle argues that the court was in error and should have awarded him compensation for the latter school year.

We find no error by the court and affirm the judgment on appeal.

Rastle had a one-year contract with the Marion County Rural School District to teach at a one-room school house

located at Oakland for one year, school year 1974-1975. Arkansas law clearly requires that a school district must give written notice to a school teacher no later than 10 days after the end of the school year if a contract is not to be renewed. Ark. Stat. Ann. § 80-1304(b). (Supp. 1977) provides in part:

> . . . Every contract of employment hereafter made between a teacher and a board of school directors shall be renewed . . . unless during the period of such contract or within ten (10) days after the termination of said school term, the teacher shall be notified by the school board in writing . . . that such contract will not be renewed for such succeeding year . . . .

It is agreed by all parties that this notice was not given to Rastle. The trial court held that under the statute the school district was liable to pay Rastle a salary for the succeeding year. We agree with the trial court that the contract was extended by operation of law for the succeeding year and the district should have been required to pay Rastle.

The appellant's argument avoids the 10 day notice statute and on examination is found to be without merit.

First, the appellant argues that Rastle did not file his teacher's certificate with the county school supervisor as required by law and, therefore, was not entitled to be paid. See Ark. Stat. Ann. § 80-1304(b) (Supp. 1977). Rastle did file his certificate in July, 1975. Ark. Stat. Ann. § 80-1227 (Repl. 1960) provides that the filing of a teacher's certificate at any time before final judgment is a defense to any action against any county treasurer; county supervisor, or superintendent of schools based on Ark. Stat. Ann. § 80-1304 (Repl. 1960 and Supp. 1977).

Next, the appellant argues that Rastle's certificate was for secondary education, he taught primary education, and no vacancy was available for him as a secondary teacher for the school year 1975-1976; since he could not be hired, the district should not be required to pay him. This argument ignores the fact that Rastle did teach elementary education,

without objection, for the prior year, was paid for his efforts and there was no objection at any time to his qualifications. The argument essentially ignores the clear import of Ark. Stat. Ann. § 80-1304(b) (Repl. 1960), and the fact that it was the school district's obligation to terminate the contract.

Finally, the appellant argues that it should not be legally liable because it was not in existence as a legal entity at the time liability accrued to Rastle.

After Rastle had taught school for one year, after the expiration of the period of time in which he should have been notified that his contract would not be renewed, and after he had filed his certificate with the county supervisor, two school districts were formed from the Marion County Rural School District, Rastle's employer. One school district was designated Marion County Rural School District No. 1, the appellant; the other school district was Oakland School District No. 2. According to the evidence at the trial court, an order of dissolution and division was entered as of July 18, 1975. Assets and liabilities were divided. Each district received a right to state benefits on a proportionate basis that would accrue to them according to geographical area. The one-room school house located at Oakland, where Rastle taught, is actually located in the Oakland School District No. 2 as it exists today.

The trial court found that Oakland was not liable because it did not exist as a legal entity at the time Rastle should have received his 10 days' notice for nonrenewal. Since no appeal was taken from this finding, nor any cross action taken by the appellant against the Oakland School District for contribution, we cannot say the court's action in this regard was incorrect. The appellant; which was a legal entity before, simply reduced in size, was found to be liable. We cannot say this finding was erroneous.

Rastle argues on cross-appeal that the trial court should have granted him judgment for his contractual salary for the school year 1976-1977. His argument is that he has never received statutory notice of nonrenewal and that contractual liability under the statute continues until he receives such

notice. He also contends that the district's failure to give written notice of nonrenewal is a violation of the due process clause of the United States Constitution. Rastle's constitutional argument implies that he has a "property" interest in his continued employment.

> (T)he Constitution does not require opportunity for a hearing before the nonrenewal of a nontenured teacher's contract, unless he can show that the decision nct to rehire him somehow deprived him of an interest in "liberty" or that he had a "property" interest in a continued employment, despite the lack of tenure or a formal contract.

*Perry* v. *Sindermann,* 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972).

Rastle offered no evidence to prove that he had a property interest which would raise the due prccess issue. Formal teacher tenure is not provided by Arkansas law. *Nethercutt* v. *Pulaski County Special School District,* 251 Ark. 836, 475 S.W. 2d 517 (1972). Nor does Ark. Stat. Ann. § 80-1304(b) create an expectation of continued employment. See *Cato* v. *Collins,* 539 F. 2d 656 (1976).

Absent constitutional considerations, notice that is required under Ark. Stat. Ann. §80-1304(b) only goes to the succeeding school year. Rastle conceded he had actual notice that his contract would not be renewed sometime during the summer of 1975 and that satisfies due process of law.

Consequently, we find Rastle's argument without merit and affirm the judgment.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.