ARKANSAS STATE HIGHWAY COMMISSION
*v.* Charles FRIERSON III et ux

80-66                                                      598 S.W. 2d 420
Supreme Court of Arkansas
Opinion delivered May 19, 1980

82

*Thomas B. Keys* and *Philip N. Gowen*, for appellant.

*Frierson, Walker, Snellgrove & Laser*, by: *G. D. Walker*, for appellees.

JOHN I. PURTLE, Justice. The Craighead Circuit Court awarded appellees $9,000 damages in a condemnation suit brought by the Arkansas State Highway Commission. Appellant appeals on the ground that part of the testimony of a value witness was inadmissible and should have been stricken. We think the court properly allowed the testimony of the expert witness.

Appellees, Charles Frierson III and Carolyn Frierson, his wife, owned a 75-acre tract of land in Craighead County. They acquired the property in 1964. The Arkansas State Highway Commission filed a declaration of taking on May 20, 1974; and, an order of possession was entered on May 21, 1974. The appellees answered and amended their answer to seek damages in the amount of $9,390. The taking of the 4.4 acres of land left the appellees with one tract of land containing 37.4 acres to the west and 30.12 acres to the east of the new highway. We realize there is a discrepancy of three acres in the over-all tract, but it has no bearing on our opinion in this case.

Appellees' expert witness, Lynn S. VanNatta, testified that after the taking the two separate tracts had a value of $36,610, which was $9,390 less than his appraisal of the entire tract before the taking. The thrust of appellees' argument was that the land would now require two irrigation wells and systems; whereas, had it remained in one tract, one system would have served it all. On cross-examination appellant undertook to prove by this witness that if the appellees installed irrigation equipment under the proposed highway bed prior to construction of the highway, this installation would have reduced the cost of the proposed irrigation of the land by a considerable amount of money.

The pertinent question presented here is whether the landowner was under a duty or responsibility to show that his damages could have been mitigated.

Appellant bases its argument substantially on the case of *Arkansas State Highway Commission* v. *Dean*, 244 Ark. 405, 425 S.W. 2d 306 (1968). In the *Dean* case the property owner had purchased the property after the highway department had completed its initial survey and filed strip maps showing the location of the property.

In the present case the landowner had no knowledge that the highway department would acquire any of his property for the purpose of constructing a highway until several years after he had purchased it. In the *Dean* case, supra, the proposed condemnation was a disputed matter of fact. The alleged mitigation was the construction of a sewer line which could have been placed down before the highway was built or would have to be tunneled under the roadbed after the highway was built. The tunneling under procedure would cost considerably more than placing the sewer line down prior to construction of the highway.

We fully agree with appellant that the appellee had the duty to mitigate his damages if he could reasonably do so. We do not agree with the contention of the appellant that the burden of proof rested with the landowner in this case. We think it proper to note that Ark. Stat. Ann. § 76-544 (Repl. 1966) prevents private individuals from encroaching upon the

highway property. There is an exception in favor of political subdivisions, rural cooperatives, rural telephone companies, private telephone cables, and public utilities of the state. Certainly, the appellees in this case do not qualify under one of the exceptions and would have no right to interfere in any manner with the right of way of the Arkansas Highway Commission.

We held in *Kohlenberger* v. *Tyson's Foods*, 256 Ark. 584, 510 S.W. 2d 555 (1974), that the burden of proving mitigation of damages rested with the defendant. This doctrine was quoted with approval in *Harris Construction Co., et al* v. *Powers*, 262 Ark. 96, 554 S.W. 2d 332 (1977). In the present case the appellees are actually the plaintiffs for the purpose of proving damages.

In viewing the record, we do not find any evidence that the appellees could have mitigated the damages as claimed by the appellant. Charles Frierson professed to know of no way in which appellees could mitigate their damages, and the appellant merely cross-examined the appellees' witness whether there was a duty for appellees to mitigate their possible damages by building irrigation systems in advance of construction of the highway. The witness's response was that he knew of no such duty. Therefore, we are of the opinion that there was no evidence of any way the appellees could have mitigated their damages; and, therefore, the court properly allowed the testimony of Lynn S. VanNatta to be presented to the jury.

Affirmed.