761 F.2d 491
 24 Ed. Law Rep. 1121
 Ken PAYNE, Appellant,
v.
J. Barry BALLARD, Director, Arkansas Vocational Technical
Education; Wayne Hartsfield, Chairman, State Board of
Vocational Education; Dianne Farquhar, Chairman Ad Hoc
Committee and Personnel Administrator Vocational Technical
Educational Division Department of Education; Cotton Boll
Vocational Technical School; and William Nelson, Jr.,
Director, Cotton Boll Vocational Technical School, Appellees.
 No. 84-2462.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 8, 1985.
Decided May 9, 1985.
 
 Marc I. Baretz, West Memphis, Ark., for appellant.
 C.R. McNair, Asst. Atty. Gen., Little Rock, Ark., for appellees.
 Before BRIGHT, ARNOLD and FAGG, Circuit Judges.
 ARNOLD, Circuit Judge.
 
 
 1
 The plaintiff Ken Payne alleges that his dismissal as a drafting instructor at the Cotton Boll Vocational Technical School in Blytheville, Arkansas, violated his due-process rights. Specifically, he claims that his rights were violated because the defendants did not allow him to cross-examine witnesses or to have the witnesses testify under oath at the hearing which led to his termination. We hold that Payne failed to prove a due-process property or liberty interest and therefore affirm the District Court's[1] denial of relief. 595 F.Supp. 878.
 
 
 2
 Payne was hired in 1979 as a drafting instructor at the Cotton Boll School, without a written contract of employment. He continued teaching until his termination on October 26, 1982. Payne's trouble began when he refused to follow an order of the Director of the school, William Nelson, Jr. In late August 1982, high school students attended one of Payne's drafting classes but failed to return for subsequent classes. Nelson told Payne on several occasions to contact the students about returning to class, but Payne refused to do so because he believed their leaving was not his fault. On August 27, Nelson placed Payne on probation for refusing to carry out his order.
 
 
 3
 Payne then initiated the Vocational Education Department's grievance and appeal procedure to contest his being placed on probation. This procedure went through three steps, the first being a telephone hearing conducted by Diane Farquhar, a personnel officer, on September 24, 1982, resulting in affirmance of the probation decision. Payne then appealed to step two, and on October 6, 1982, an ad hoc committee appointed by Dr. J. Barry Ballard, Director of the Vocational Education Department, met at the Cotton Boll School and held a hearing. At this hearing, plaintiff brought up the issue of an alleged schedule change, and, after hearing discussion about it from all sides, the ad hoc committee formed the opinion that Payne had put into effect a schedule change in violation of instructions given him by the Assistant Director of the school, June Walters. For this reason, the ad hoc committee went beyond the probation decision previously made by Nelson and decided that Payne should be dismissed. This decision was affirmed at step three of the grievance and appeal procedure, a hearing before the State Board of Vocational Education.
 
 
 4
 Payne brought suit under 42 U.S.C. Sec. 1983 with a pendent state-law claim for violation of the grievance procedure. The District Court denied relief. Payne now appeals this holding.[2]
 
 
 5
 Payne concedes that he had no written contract, and that no rule or regulation of the Vocational Education Board specified that his employment would be for any particular period of time, or that he could not be terminated unless certain substantive criteria were met. He contends, however, that certain understandings between him and his superiors were sufficiently definite to create a property interest. He testified that school officials told him that he would be on probation for either 90 days or six months, following which he would be considered a "permanent" employee. And, in fact, the letter from Director Nelson stating that Payne had been placed on probation referred to him as having held, immediately before this adverse personnel action, the status of a "permanent" employee. While this evidence, standing alone, might be sufficient to create a property interest, other evidence in the record provides substantial support for the District Court's conclusion to the contrary. The school did not accord any special tenure to so-called "permanent" employees. This classification was used simply to denote that teachers had passed their initial period of probation. Both Payne and the school officials testified that Payne was under no contractual duty to continue teaching even to the end of a term, and that he could have quit at any time without breaking his contract.
 
 
 6
 Payne also points to testimony by Nelson that a "permanent" employee would be retained if enrollment remained high and if the employee did a satisfactory job. These statements, however, simply reflected the general practice of the school. Certainly they were accurate as indications of Nelson's intention, but the record does not show that these conditions for retention were ever communicated to Payne or to other employees, so as to become part of a contract with them. We are confident the courts of Arkansas would reject the conclusion that Payne had a property right under these circumstances. See Marion County Rural School District No. 1 v. Rastle, 265 Ark. 33, 38, 576 S.W.2d 502, 505 (1979).
 
 
 7
 Payne also points to the fact that he had a teacher's certificate valid for six years. Such a certificate qualifies its holder to teach, but it does not guarantee him or her a job. It is like a driver's license, a legal prerequisite to the right to carry on certain activity. A teacher's certificate, in other words, is a necessary condition of employment as a teacher for a fixed term, but it is not, standing alone, a sufficient one. There must also be an undertaking, express or implied, by the employer not to discharge the employee for a certain fixed period of time, or unless certain conditions are met, and this requirement the present record fails to meet.
 
 
 8
 Payne also asserts a liberty interest in that the reasons given for his discharge were false and harmed his reputation. In order for Payne to demonstrate a liberty interest he must show that the reasons for discharge stigmatized him and that the defendants made the reasons public. See Bishop v. Wood, 426 U.S. 341, 347-49, 96 S.Ct. 2074, 2078-79, 48 L.Ed.2d 684 (1976); Codd v. Velger, 429 U.S. 624, 627-28, 97 S.Ct. 882, 883-84, 51 L.Ed.2d 92 (1977). We agree with the District Court that the evidence is insufficient to support these findings.
 
 
 9
 Affirmed.
 
 
 
 [1]
 The Hon. Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas
 
 
 [2]
 Payne does not raise the state-law claim on appeal. In any event, we agree with the District Court that the deviations from the prescribed procedure of which Payne complains were not material