HEANEY, Circuit Judge,
concurring in part and dissenting in part.
With respect to whether Jackson was entitled to reinstatement, as discussed in Part III of the majority opinion, I dissent. Arkansas law on this point is quite clear: a termination that does not strictly comply with the procedural requirements of the Teacher Fair Dismissal Act of 1983, Ark. Code Ann. §§ 6-17-1501 — 6-17-1510 (Michie 1993) (Fair Dismissal Act), is void. As such, reinstatement and back pay are the appropriate remedies. I think it worth reminding that this issue is before this court pursuant to our supplemental jurisdiction, 28 U.S.C. *1498 § 1367 (1994). Accordingly, we must interpret this question of state law as would Arkansas state courts. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).
Following Arkansas state court decisions holding that substantial compliance with notice requirements was sufficient, see, e.g., Murray v. Altheimer-Sherrill Pub. Sch., 294 Ark. 403, 743 S.W.2d 789 (1988), the Arkansas legislature amended the Fair Dismissal Act as follows:
A nonrenewal, termination, suspension, or other disciplinary action by a school district shall be void unless the school district strictly complies with all provisions of this subchapter and the school district’s applicable personnel policies.
1989 Ark.Acts 625, § 1 (amending Ark.Code Ann. § 6-17-1503). As the majority concedes, the School District did not comply with requirements imposed by the Fair Dismissal Act. The dismissal, therefore, is void. If Jackson’s termination is void, she has not been terminated and should be reinstated.
The majority rejects reinstatement as the appropriate remedy. It argues that the “goal of the [Fair Dismissal Act] is to ensure that a teacher receives a fair hearing before she is terminated. The trial in this case met that goal____” Op. at 1496. In effect, the majority holds that a trial is a sufficient substitute for the statutorily-established dismissal procedures. This assertion is contradicted by the clear statutory language employed by the Fair Dismissal Act.
Moreover, the majority’s difficulty with the question of back pay belies the untenability of its position regarding reinstatement. After rejecting reinstatement, the majority concludes that under Marion County Rural Sch. Dist. No. 1 v. Rastle, 265 Ark. 33, 576 S.W.2d 502 (1979), the effect of the procedural violation of the Fair Dismissal Act in April 1993 goes only to the succeeding school year. Op. at 1497. The flaw with this assertion is that Rastle, the only authority cited by the majority for its holding, did not interpret the Fair Dismissal Act, which was enacted after that decision. In subsequent cases in which school districts have argued that damages should be limited to the one year following a Fair Dismissal Act violation, the Arkansas Supreme Court has been perfectly clear on the issue of Rastle’s continued viability: “Reliance on Rastle is misplaced, since the statutory law governing teaching contracts had been changed by the legislature____” Western Grove Sch. Dist. v. Strain, 288 Ark. 507, 707 S.W.2d 306, 308 (1986). The majority, however, ignores this instruction and the fact that Rastle did not interpret the relevant statute. Instead, it argues that the violation in this case, which consists of a failure to comply with the Fair Dismissal Act’s procedural requirements, is more analogous to Rastle than to Strain because Strain involved a termination that violated the Act’s “with cause” requirement. This distinction simply does not comport with the statutory language, which flatly states that a termination shall be void “unless the school district complies with all provisions of this subchapter.” Ark.Code Ann. § 6-17-1503 (emphasis added). Even if the statutory language were ambiguous, the decisions of Arkansas courts interpreting it are not. The Arkansas Supreme Court has held that reinstatement and back pay are appropriate remedies for notice violations of the Fair Dismissal Act. See Western Grove Sch. Dist. v. Terry, 318 Ark. 316, 885 S.W.2d 300, 300 (1994). We are bound to do so as well.
The majority suggests that a reasonable construction of the statute would not require reinstatement where its impact would be “destructive of the learning environment.” Op. at 1497 n. 7. I share the majority’s concern for the learning environment, but the potential disruption represented by reinstating the plaintiff in this case is no different than any other Fair Dismissal Act case, which by definition involves a disciplinary action. The Arkansas Supreme Court has explicitly rejected this argument as a basis upon which reinstatement can be denied:
[T]he appellant maintains that a court should not grant reinstatement unless the return of the given teacher to a school’s environment will not cause unnecessary disruption because of ensuing feelings. The appellant has cited no authority for this proposition. Any time a school board is forced to reinstate a teacher it has dis *1499 missed, hard feelings may result. To refuse reinstatement on that basis would allow the board to succeed in its [illegal action].
Leola Sch. Dist v. McMahan, 289 Ark. 496, 712 S.W.2d 903, 908 (1986). The majority’s attempt to distinguish this same case from the potential disruption here is simply not supported. Like the school board in Leola, the majority can cite no authority for its “reasonable interpretation.”
One wonders whether the majority’s interpretation of Arkansas law is not driven by its conclusion that “any award to Jackson in this ease is undeserved----” Op. at 1497. It must be recognized, however, that the school district’s own conduct has raised the stakes of this suit: rather than acknowledging its failure to comply with a simple procedure and then correcting that error, it chose to pursue a course of litigation. As a result, the period of back pay at issue is three years, instead of just one. Although I cannot defend Jackson’s conduct, the Arkansas General Assembly has gone to considerable efforts to balance the competing interests of school district hiring flexibility and employee protection. Few protections have been afforded school district employees, but those that have been provided are to be strictly respected. However unjust the result of that balance may seem in this instance, we must recognize that there are larger issues at stake than the present case. I am confident that were this court to award reinstatement, in the future, school districts would go to greater lengths to comply with state law. Clearly, this was the intent of the legislature. The decision of the majority today not only ignores unambiguous statutory language and judicial interpretation, its strained effort to navigate away from the clearly-marked channels of state law frustrates the very purpose of the Arkansas legislature’s 1989 amendment.