United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-2582

_____

| | | |
|---|---|---|
| Mark A. Merritt, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States District |
| M.D. Reed; Charles Lanehart, | * | Court for the Eastern District of |
| | * | Arkansas. |
| Appellants, | * | |
| | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: April 16, 1997
Filed: July 15, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Defendants appeal the district court's denial of their motion for summary judgment based on qualified immunity in this 42 U.S.C. § 1983 action.  We reverse.

## I. BACKGROUND

In November 1992, Mark Merritt filled out a pre-employment questionnaire with the Arkansas Department of Correction (ADC) stating that he could perform the job functions of a correctional officer. He was hired for a position with the ADC Varner Unit and placed on probationary status while in training. At the ADC training academy, Merritt informed an instructor that he could not run, jog, or jump, pursuant to his doctor's orders. On December 15, 1992, Merritt was discharged from employment for providing false information on his job questionnaire. He then sought other employment. During his job search, Merritt alleges that prison officials informed prospective employers of the reason for his termination as a correctional officer.

Merritt brought this section 1983 action against M.D. Reed, the former warden of the Varner Unit; Charles Lanehart, the Varner Unit personnel officer; and the ADC. Merritt alleged defendants violated his due process rights by terminating him from employment as a correctional officer without giving him an opportunity to respond to the charges, thereby affecting his good name within the employment community.[1] Defendants moved for summary judgment based on qualified immunity, arguing that Merritt was not deprived of a liberty interest because there was no public disclosure of the reason for his discharge. The motion was supported by Lanehart's affidavit stating that, as a matter of policy, the ADC does not give reasons for an employee's termination to prospective employers, even upon request from those employers. In response, Merritt submitted evidence that defendants placed the reason for the dismissal in his personnel file, and that a former ADC employee disclosed the reason to a possible employer.

---

[1]Merritt also brought an equal protection claim as to which the district court granted summary judgment for all defendants. That dismissal was not appealed.

The district court granted summary judgment to ADC and the individual defendants in their official capacities. The court denied summary judgment, however, to defendants Reed and Lanehart in their individual capacities. Reed and Lanehart appeal.

## II. DISCUSSION

We review the district court's denial of qualified immunity de novo. Henderson v. Baird, 29 F.3d 464, 467 (8th Cir. 1994), cert. denied, 115 S. Ct. 2584 (1995). Qualified immunity shields government officials from suit unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In considering whether defendants are entitled to qualified immunity, we must consider whether the plaintiff has asserted a violation of a constitutional or statutory right that was clearly established at the time of the violation, and whether a reasonable official would have known that the alleged action violated that right. Yowell v. Combs, 89 F.3d 542, 544 (8th Cir. 1996).

In this case, Merritt has failed to assert a violation of a constitutional or statutory right.[2] Merritt was entitled to procedural due process upon termination only if he was deprived of a constitutionally protected property or liberty interest. Shands v. City of Kennett, 993 F.2d 1337, 1347 (8th Cir. 1993). Merritt asserts that he has a liberty interest in his good name and reputation in the employment community and that

---

[2]Ordinarily, denial of a motion for summary judgment would not be an appealable order. Here, Reed and Lanehart assert the affirmative defense of qualified immunity, making the district court ruling appealable on an interlocutory basis. Allison v. Dep't of Corrections, 94 F.3d 494, 496 (8th Cir. 1996). The review, however, involves the alternative inquiry of whether a constitutional or statutory claim is stated and, if so, whether it is barred by the doctrine of qualified immunity. Siegert v. Gilley, 500 U.S. 226, 231 (1991). In this case, we terminate the action after the initial inquiry.

defendants deprived him of this interest without due process. See Codd v. Velger, 429 U.S. 624, 627 (1977). To establish a liberty interest in his good name, Merritt must show that the reasons for discharge stigmatized him and that the defendants made the reasons public. Bishop v. Wood, 426 U.S. 341, 349 (1976); Hogue v. Clinton, 791 F.2d 1318, 1322 (8th Cir. 1986) (citing Payne v. Ballard, 761 F.2d 491, 493 (8th Cir. 1985)). On the facts of this case, Merritt failed to make such a showing.

Merritt presented no evidence to establish that either defendant Reed or Lanehart made the reasons for his termination public. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (to establish personal liability in section 1983 action, plaintiff must show that defendant official caused deprivation of right). The uncontroverted facts of this case show that neither Reed nor Lanehart informed any prospective employers of the reasons for Merritt's termination. Merritt introduced a letter, signed by Jean Cannon, a former ADC assistant personnel officer, and addressed to one of Merritt's prospective employers, stating the reason for his dismissal. If publication occurred, it occurred at the hands of Cannon, not those of Reed or Lanehart. Cf. Brockell v. Norton, 688 F.2d 588, 592 n.5 (8th Cir. 1982) (publication not attributable to defendants, and therefore, insufficient to establish liberty interest). Because Merritt has failed to show that defendants Reed or Lanehart published the reasons for his dismissal, he has failed to establish a violation of a liberty interest. Consequently, the defendants' motion for summary judgment should have been granted.[3] See Waddell v. Forney, 108 F.3d 889,

---

[3]Merritt points to cases from other circuits which found public disclosure where the reasons for discharge were placed in the employee's personnel file and were likely to be disclosed to prospective employers. E.g., Brandt v. Board of Coop. Educ. Servs., 820 F.2d 41, 45 (2d Cir. 1987); Burris v. Willis Indep. Sch. Dist., 713 F.2d 1087, 1092 (5th Cir. 1983). We have previously noted that a personnel file replete with wrongdoing is "potentially sufficient" to satisfy the publication requirement if the defendants made that file available to prospective employers. Hogue, 791 F.2d at 1322 n.7. In this case, however, Merritt has failed to make such a showing in light of defendant Lanehart's testimony that as a matter of policy, discharge reasons are not given to prospective employers.

896 (8th Cir. 1997) (reversing denial of summary judgment after qualified immunity inquiry where plaintiff failed to show violation of constitutionally protected liberty interest). We have considered the remainder of Merritt's arguments and find them to be without merit.

## III.  CONCLUSION

Because the defendants did not violate a constitutionally protected right, we reverse the district court's denial of defendants' motion for summary judgment.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.