United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1659WM

| | | |
|---|---|---|
| Central Airlines, Inc.; Central Air Southwest, Inc.; Dewey E. Towner, doing business as Central Air Southwest, | * * * * * | |
| Plaintiffs-Appellees, | * * | |
| v. | * * | |
| United States of America; Federal Aviation Administration; | * * * | Appeal from the United States District Court for the Western District of Missouri. |
| Defendants, | * * * | |
| William D. Stewart; Walter J. Hutchings; Thomas E. Stuckey; John C. Curry; Mark G. Camacho; Timothy C. Titus, | * * * * * | |
| Defendants-Appellants. | * * | |

_____

Submitted: November 19, 1997
Filed: March 4, 1998

_____

Before FAGG and HANSEN, Circuit Judges, and PIERSOL,[*] District Judge.

_____

_____

[*]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

FAGG, Circuit Judge.

Dewey E. Towner owns Central Air Southwest, Inc., a commercial air freight carrier that leases its aircraft from Central Airlines, Inc. In 1993, the Federal Aviation Agency (FAA), through its employees William D. Stewart, Walter J. Hutchings, Thomas E. Stuckey, John C. Curry, Mark G. Camacho, and Timothy C. Titus (the employees), brought civil penalty actions against Towner, Central Air Southwest, and Central Airlines (collectively the carriers). Based on the employees' interpretation of FAA regulations, the FAA told the carriers their planes needed additional equipment to fly in known or forecasted icing conditions, and the FAA threatened to fine the carriers and ground their planes if operations continued. To avoid the fines, the carriers broke their air freight contracts and installed the specified equipment. According to the carriers, the FAA later admitted the employees' "previous interpretation [of the regulations] was incorrect." (Pls.' Am. Compl. ¶ 35.)

Claiming a loss of nearly eight million dollars, the carriers sued the United States, the FAA, and the employees. Aside from other claims not involved in this appeal, the carriers allege the employees violated the carriers' Fifth Amendment equal protection and substantive due process rights when the employees initiated the civil penalty actions "based upon incorrect versions of applicable law." (Pls.' Am. Compl. ¶ 65.) Asserting qualified immunity, the employees filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the constitutional claims. The district court denied the employees' motion, but granted Stewart's and Stuckey's motion to dismiss for lack of personal jurisdiction. The four remaining employees appeal. See Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996) (holding denial of motion to dismiss on qualified immunity grounds is an appealable final order), cert. denied, 117 S. Ct. 1081 (1997).

We review de novo the district court's denial of qualified immunity, and like the district court we view as true the asserted and incorporated allegations in the equal

-2-

protection and substantive due process counts of the carriers' complaint. See id. at 266-67. We also construe all reasonable inferences from the allegations favorably to the carriers. See id. Dismissal is inappropriate "unless it appears beyond doubt [the carriers] can prove no set of facts in support of [their constitutional] claim[s] which would entitle [them] to relief." Id. at 266 (internal quotations omitted). The employees contend they are entitled to qualified immunity because the allegations in the challenged counts are insufficient to state a violation of the carriers' constitutional rights. See Merritt v. Reed, 120 F.3d 124, 126-27 (8th Cir. 1997).

We first take up the carriers' equal protection claim. Although equal protection claims are often based on suspect classifications such as race, the Equal Protection Clause also prohibits government officials from selectively applying the law in a discriminatory way. See Snowden v. Hughes, 321 U.S. 1, 8 (1944); Batra v. Board of Regents of Univ. of Neb., 79 F.3d 717, 721 (8th Cir. 1996). The carriers allege the employees singled them out for enforcement while ignoring other airlines that also lacked the specified equipment. Unequal application of the regulations in question, however, does not violate equal protection unless "there is shown to be present in it an element of intentional or purposeful discrimination." Snowden, 321 U.S. at 8. In their complaint, the carriers claim the employees based their enforcement decision on an "incorrect" interpretation of the law and thus the employees "did not follow easily discoverable FAA precedent." (Pls.' Am. Compl. ¶ 35.) The carriers tell us what they mean by their allegation of incorrectness in their brief where they make clear their constitutional claims are anchored on the "employees['] [enforcement] of an erroneous interpretation of the [FAA's] [i]cing [r]egulations." (Pls.' Br. at 1.) Even when the issue of qualified immunity on the carriers' constitutional claims was submitted below, the district court wanted the carriers' counsel to explain "the essence of your case," stating "[i]n other words, you haven't alleged a racial or religious or some other improper motive" (emphasis added), and counsel answered "[n]o." (Hr'g. Tr. at 18-19.) Although we find elsewhere in the carriers' complaint an allegation that the employees "did not act in good faith" (Pls.' Am. Compl. ¶ 48), this allegation was

neither pleaded nor incorporated in the carriers' equal protection count (the same is also true for the substantive due process count), and we cannot read an allegation into the count that is not there. See Bauchman v. West High School, 132 F.3d 542, 550 (10th Cir. 1997); Cannon v. University of Chicago, 648 F.2d 1104, 1110 (7th Cir. 1981). Despite "the key requirement [that plaintiff[s] allege and prove unlawful, purposeful discrimination," Batra, 79 F.3d at 722, and the carriers recognition they "must allege unlawful, intentional discrimination" (Pls.' Br. at 4), nowhere in the equal protection claim do they allege anything more than the employees simply made a mistaken decision--an allegation we must accept as true, see Hafley, 90 F.3d at 266. Instead of pleading the element of intentional or purposeful discrimination, see Snowden, 321 U.S. at 8, the carriers chose an allegation that is fatal to their equal protection claim.

Similarly, the carriers base their substantive due process claim on the employees' erroneous interpretation of FAA regulations. (See Pls.' Am. Compl. ¶¶ 35 & 65; Br. at 1.) "Assuming this to be true, [the employees mistaken interpretation is] nothing more than a misjudgment of law" that falls far short of the arbitrary, capricious and flagrant conduct that must be present to establish a substantive due process claim. Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990). Although the carriers were on the receiving end of a bureaucratic blunder, the employees are entitled to qualified immunity on this claim.

We reverse and remand to the district court to dismiss counts III and IV of the carriers' amended complaint for failure to state constitutional claims for which relief can be granted.

Piersol, District Judge, dissenting.

I respectfully disagree with the majority's decision to reverse and remand this case to the district court. Under the liberal standards of notice pleading, the carriers

need only give "a short and plain statement of the claim showing [they] are entitled to relief," Fed.R.Civ.P. 8(a)(2). See Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (all the Rules require is fair notice to defendant of what plaintiff's claim is and grounds upon which it rests); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988), cert. denied, 488 U.S. 1013 (1989).

In paragraphs 1 through 35 of the Amended Complaint, the carriers set forth a course of conduct undertaken by the FAA employees to enforce selectively against the carriers the FAA icing regulations. The carriers incorporated paragraphs 1 through 35 into Count III, the substantive due process claim, and into Count IV, the equal protection claim. I do not agree that the carriers' isolated reference in paragraph 35 to the FAA employees' "incorrect" interpretation of the law requires the legal conclusion that Counts III and IV state essentially no more than negligence claims. Read in context with the preceding material, paragraph 35 conveys the information that the FAA employees persisted in their selective prosecution of the carriers until June 6, 1994, the day an Administrative Law Judge convened a hearing on the FAA's civil penalty action against the carriers. Only then did the FAA employees finally admit that their interpretation and enforcement of the icing regulations was baseless. Taking as true paragraphs 1 through 35 and the additional allegations in Counts III and IV, as we must do on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I conclude that the carriers alleged sufficiently that the FAA employees acted arbitrarily, capriciously, and flagrantly as required to state a substantive due process claim and that the FAA employees intentionally and purposefully discriminated against the carriers as required to state an equal protection claim.

The FAA employees are not entitled to qualified immunity. The carriers state claims for violations of specific constitutional rights, the majority does not dispute that the law of substantive due process and equal protection was clearly established at the time the FAA employees acted in 1993, and reasonable officials in the position of the FAA employees would have known that their conduct would violate such rights. See

Waddell v. Forney, 108 F.3d 889, 891 (8th Cir. 1997).  Accordingly, I would affirm the district court's Order denying the motion to dismiss on the ground of qualified immunity.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.