## MAY CONSTRUCTION COMPANY, INC.
## *v.* BENTON SCHOOL DISTRICT NO. 8

94-1138                                        895 S.W.2d 521

Supreme Court of Arkansas
Opinion delivered March 27, 1995

*Arnold, Grobmyer & Haley*, by: *Robert R. Ross*, for appellant.

*Boswell, Tucker & Brewster*, by: *W. Lee Tucker*, for appellee.

ANDREE LAYTON ROAF, Justice. Appellant May Construction Company, Inc., (May Construction) appeals from an order denying its motion to compel arbitration. We affirm the decision of the trial court.

On February 24, 1994, appellee Benton School District No. 8 (Benton) filed a complaint against May Construction in the Circuit Court of Saline County. Benton alleged it entered into a contract in May 1991 with May Construction for the construction of a building to be used as a middle school. According to the complaint, the contract documents set out specifications for curing materials to be used as a sealer on the concrete floors. On July 12, 1991, May Construction requested the use of a substitute curing material and represented that the substitute product met or exceeded the quality level of the original product. Based upon May Construction's assurances, the architect approved the requested change.

In paragraph five of the complaint, Benton further alleged:

5. That after application of "Kur-N-Seal 30," the finish on the concrete floors of the building began experiencing gross and unsightly scuff marks from student traffic to the extent that the floors' *appearance became totally unacceptable* in that the sealer was magnifying all traffic in an unsightly manner. The floors became sticky in some areas and remain so at this time. That the finished product fails to comply with the plans and specification[s] set out in the contract and is totally unacceptable to Plaintiff. That notwithstanding Plaintiff's demand, Defendant has failed and refused to comply with the contract.

(Emphasis supplied.) In addition, Benton alleged May Construction negligently failed to properly apply the substituted product, negligently failed to properly clean the pre-finished floors, negligently supplied a defective product, breached its implied warranty of merchantability, and breached its expressed warranty of fitness for a particular purpose.

In response to Benton's complaint, May Construction filed a motion to stay proceedings and compel arbitration. May Construction admitted the parties entered into a contract for the construction of the building; however, May Construction contended the contract incorporated Act 260 of 1969 as amended [Uniform Arbitration Act, Ark. Code Ann. §§ 16-108-201 - 224 (1987 and Supp. 1993)] and the "General Conditions of the Contract for Construction, Document A201 of the American Institute of Architects, 1987 Edition." Pursuant to the terms of these provisions, May Construction requested Benton be compelled to submit to arbitration. Benton responded that controversies or claims relating to "aesthetic effect" are not subject to arbitration under the terms of the agreement.

The trial court found "aesthetic affect" claims are not subject to arbitration and the complaint encompasses claims relating to "aesthetic affect" of the finished product. Therefore, the trial court denied the motion to stay proceedings and compel arbitration. The sole issue on appeal is whether the trial court erred in denying May Construction's motion to compel arbitration.

We have recognized this state's strong public policy favoring arbitration. *Chem-Ash, Inc.* v. *Arkansas Power & Light Co.*, 296 Ark. 83, 751 S.W.2d 353 (1988). Further, we have written:

> The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally, thus we will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. 5 Am. Jur. 2d § 14; and *see Prepakt Concrete Co.* v. *Whitehurst Bros.*, 261 Ark. 814, 552 S.W.2d 212 (1977). It is generally held that arbitration agreements will not be construed within the strict letter of the agreement but will include subjects within the spirit of the agreement. Doubts and ambiguities of coverage should be resolved in favor of arbitration. 5 Am. Jur. 2d § 14; Uniform Laws Annotated, Vol. 7, Uniform Arbitration Act, § 1, Note 53 (and cases cited therein).

*Wessell Bros. Foundation Drilling Co.* v. *Crossett Pub. School Dist., No. 52*, 287 Ark. 415, 701 S.W.2d 99 (1985). Finally, the construction and legal effect of a written contract are to be deter-

mined by the court as a question of law except where the meaning of the language depends upon disputed extrinsic evidence. *Duvall* v. *Massachusetts Indem. & Life Ins. Co.*, 295 Ark. 412, 748 S.W.2d 650 (1988).

■■ Section 4.5.1 of the General Conditions of the Contract for Construction provides in part:

> **Controversies and Claims Subject to Arbitration.** Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, *except controversies or Claims relating to aesthetic effect* and except . . .

(Emphasis supplied.) On appeal, the appellant contends the plaintiff's complaint is based upon breach of contract rather than "aesthetic effect." We hold, however, that the plaintiff's complaint is based upon a question concerning "aesthetic effect." "Aesthetic" is defined as "pertaining to a sense of the beautiful or to the science of aesthetics." *The Random House Dictionary of the English Language* (2d ed. 1987).

If the *appearance* of the concrete floors was not "totally unacceptable" as the plaintiff contends, then there would be no claim. Granted, the plaintiff's complaint refers to May Construction's negligently supplying a defective product and breach of warranties. However, if the aesthetic effect of the floors was not unacceptable, the product would not be defective and the warranties would not be breached. The plaintiff does not contend that the floor has cracked or been damaged due to defective sealer. Rather, the plaintiff contends the floors began experiencing "unsightly scuff marks." The contract provides "controversies or Claims relating to aesthetic effect" are not subject to arbitration.

■ Finally, the appellant has not abstracted the complete contract, nor is it in the record. Therefore, contrary to the appellant's argument, we do not know whether Benton contracted "to make the floor beautiful." It is the appellant's burden to bring

up a record sufficient to demonstrate error. *Young* v. *Young*, 316 Ark. 456, 872 S.W.2d 856 (1994). When an appellant fails to demonstrate error we will affirm. *Id.*

Affirmed.

BROWN, J., not participating.