George HANKINS *v.* DEPARTMENT of FINANCE and
ADMINISTRATION; and Lawyers Surety Corporation

96-1465                                954 S.W.2d 259

Supreme Court of Arkansas
Opinion delivered November 6, 1997
[Petition for rehearing denied December 11, 1997.]

*Diana M. Maulding,* for appellant.

*Brandon Lee Clark* and *Daniel Scott Smith,* for appellee DF&A.

*Joel Taylor,* for appellee Lawyers Surety Corp.

RAY THORNTON, Justice. This is a second review of this controversy. In 1991, George Hankins, appellant, obtained a default judgment against Larry McElroy for $25,869, on the basis of losses sustained from unpaid promissory notes together with losses of $1,000 relating to the sale of a Camaro and $1150 relating to the sale of a GMC truck. In an attempt to recover the McElroy judgment, Hankins sought a declaratory judgment against Lawyers Security Company, the surety, for a $25,000 bond required for McElroy as a motor-vehicle dealer. Lawyers offered to settle the claim by paying Hankins $2115 pursuant to Ark. R. Civ. P. 68. Hankins did not accept the offer. The trial court in its declaratory judgment ruled against Hankins, finding that the bond could not be used to satisfy appellant's judgment.

On appeal, we reversed and dismissed without prejudice because Hankins had not exhausted available administrative remedies. We held that the appropriate remedy was to seek payment under the bond by presenting the default judgment to the Depart-

ment of Finance & Administration (DF&A) pursuant to Ark. Code Ann. § 23-112-603 (Supp. 1995). *Hankins v. McElroy*, 313 Ark. 394, 855 S.W.2d 310 (1993) (*Hankins I*).

Hankins renewed his efforts to collect his default judgment by seeking administrative relief from DF&A and a hearing was held on September 7, 1994, before an administrative law judge. Hankins argued that Lawyers was liable on the bond because McElroy's actions in incurring the debts were sufficient to warrant the suspension or revocation of his car dealer's license under the provisions of Ark. Code Ann. § 23-112-302, which provides for recovery of such bonds. The ALJ found that the transactions between McElroy and Hankins were personal debts between businessmen and not sufficient reason to cause suspension or revocation of the license.

Hankins appealed the adverse decision to the circuit court, which sustained the agency decision. The court granted DF&A's motion to be reimbursed for costs of producing the transcript pursuant to Ark. Code Ann. § 25-15-212(d)(2) (Repl. 1996). On August 13, 1996, Lawyers' attorney moved to recover costs pursuant to Ark. R. Civ. P. 68, which allows recovery of costs by an offeror of judgment "[i]f the judgment exclusive of interest from the date of offer finally obtained by the offeree is not more favorable than the offer . . . . " The court denied the motion.

While Hankins's attorney was abstracting the record for review by this court, it was discovered that portions of it were missing. On March 3, 1997, the circuit judge issued an order settling the record and the ALJ's order was added. The circuit judge noted in a cover letter that the transcript of the administrative hearing did not contain all of the testimony and that the missing portions of the record of the administrative hearing were not in the material considered by the circuit court; therefore, the record could not be completed from the circuit court. Hankins did not seek to settle the record at the agency level.

Hankins argues on appeal that the circuit court erred: (1) in failing to consider the entire record of the administrative proceeding; (2) in upholding the ALJ's order; and (3) in granting DF&A judgment against him for costs in producing the transcript. Law-

yers cross-appeals the denial of costs. None of the arguments has merit, and we affirm.

■ ■ We now proceed to review the issues before us in this appeal. Hankins argues that the circuit court erred in failing to consider the entire record of the administrative proceeding, and in upholding the ALJ's order. These arguments appear to be based upon the premise that we review the circuit court's decision in an appeal from a proceeding by an administrative agency. This premise is incorrect. In an appeal from an administrative order, our review is directed to the agency's decision, not the circuit court's. *Brimer v. Arkansas Contractors Lic. Bd.*, 312 Ark. 401, 849 S.W.2d 948 (1993). However, we cannot review the agency's decision in this case because we do not have the complete record before us. It is incumbent upon an appellant to bring up a record sufficient to show error. *Winters v. Elders*, 324 Ark. 246, 920 S.W.2d 833 (1996). Our rules of appellate procedure provide a remedy for settling an incomplete or inaccurate record. Rule 6 of the Arkansas Rules of Appellate Procedure provides in pertinent part as follows, "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth." Hankins did not avail himself of this remedy.

■ The portion of the record that we have before us indicates that there were exhibits and testimony that are missing. Hankins bases much of his argument for reversal of the agency's decision upon these missing exhibits and testimony. It was his obligation to ensure that the record be made complete so that we could reach his arguments. Because he did not do so, he has not met his burden of producing a record sufficient for our review, *Grinning v. City of Pine Bluff*, 322 Ark. 43, 907 S.W.2d 690 (1995); therefore, we summarily affirm the agency's decision.

■ We next address Hankins's contention that the trial court erred in ordering him to pay the costs of the record. He argues that, although DF&A was the prevailing party, it did not transmit the entire record to circuit court. Arkansas Code Annotated § 25-15-212 provides in pertinent part:

(d)(1) Within thirty (30) days after service of the petition or within such further time as the court may allow, but not exceeding an aggregate of ninety (90) days, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review.

(2) The cost of the preparation of the record shall be borne by the agency. However, the cost of the record shall be recovered from the appealing party if the agency is the prevailing party.

*Id.* § 25-12-212(d)(1)-(2) (Repl. 1996). The record shows that DF&A ordered and paid for a transcript of the entire record. Again, it was incumbent upon Hankins to ensure that a complete record was available for our review. The deficiency in the record was not called to DF&A's attention before the circuit court had assessed costs, and DF&A's offer to supplement the record, made after the decision of the circuit court, was not accepted. Because DF&A paid for a transcript and was the prevailing party, the circuit court did not err in ordering Hankins to reimburse the agency.

Lawyers argues on cross-appeal that the circuit court erred when it denied its motion for costs on an offer of judgment that it made during the first trial on this matter. The trial court stated that it was without jurisdiction to hear the motion because it was made during the first trial. Lawyers points out that our holding in *Transit Homes, Inc. v. Bellamy,* 287 Ark. 487, 701 S.W.2d 126 (1985), provides that such a motion could survive a previously dismissed action under Ark. R. Civ. P. 41(d). However, we affirm the trial court because we conclude that Lawyers reversed its position during the second trial and that the offer of judgment was effectively withdrawn.

On January 30, 1992, during the first trial, Lawyers made an offer of judgment in the sum of $2,115.00 to Hankins in full settlement of the claim. This sum represented the sale of the Camaro and the GMC truck. Hankins did not reply or accept the offer. The portion of the record that is before us reveals that at the administrative hearing on September 7, 1994, Hankins testified that he allowed Mr. McElroy to draft upon a line of Hankins's credit to purchase these vehicles. During oral argument before this court, Lawyers' attorney stated that after this testimony came

out in the hearing before DF&A it reversed its position and took the stance that the sale of the vehicles was not covered by the bond, but was also merely a debtor-creditor issue.

■ ■ We recognize that Ark. R. Civ. P. 68 requires the trial judge to order an offeree to pay the authorized costs after the making of a bona fide offer, if the judgment, exclusive of interest, is not more favorable than the offer. *See Darraugh Poultry & Livestock Equip. Co. v. Piney Creek Sales, Inc.*, 294 Ark. 427, 743 S.W.2d 804 (1988). However, the trial court is not required to award costs to a prevailing party when no offer of judgment is made. *Id.* It appears that Lawyers did not continue the offer of judgment made during the first trial, and no specific offer of judgment was made in the case on retrial. We uphold the trial court's denial of costs.

We summarily affirm the agency's order in favor of Lawyers because the record was not complete enough to allow us to evaluate it. We affirm the circuit court's order requiring Hankins to pay DF&A for the costs of producing the transcript and affirm on cross-appeal its denial of costs to Lawyers.