Joseph ROTHBAUM *v.* ARKANSAS LOCAL POLICE and FIRE RETIREMENT SYSTEM; and Arkansas Fire and Police Pension Review Board

00-1256                                              55 S.W.3d 760

Supreme Court of Arkansas
Opinion delivered October 4, 2001

*Robert A. Newcomb,* for appellant.

*Richard L. Ramsay,* for appellee.

DONALD L. CORBIN, Justice. Appellant Joseph Rothbaum appeals the order of the Pulaski County Circuit Court dismissing his complaint against Appellees Arkansas Local Police and Fire Retirement System ("LOPFI") and Arkansas Fire and Police Pension Review Board. We accepted certification of this

appeal from the Arkansas Court of Appeals; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(d)(1). We affirm.

Rothbaum is an employee of the Blytheville Police Department and, by virtue of his employment, is a member of LOPFI. LOPFI is administered by a Board of Trustees, appointed pursuant to Ark. Code Ann. § 24-10-201 (Repl. 1996). Pursuant to Ark. Code Ann. § 24-10-203(c) (Repl. 1996), the Board is granted the authority to formulate and adopt rules governing its proceedings. Under the Board's rules for disability hearings, once a claim has been denied, a member has six months from the date of notice of the initial determination to request the Board to conduct a reconsideration hearing. Rothbaum filed a claim for disability benefits with the Board, but his claim was denied. He then requested a reconsideration hearing, but it was also denied on the basis that he failed to request a hearing within the six-month time period.

On March 28, 2000, Rothbaum filed a complaint in circuit court stating that the Board's refusal to review his appeal was arbitrary, capricious, and an abuse of discretion. He sought a writ of mandamus compelling the Board to consider his appeal. In response, the Board filed a motion to dismiss pursuant to Ark. R. Civ. P. 12(b)(6), asserting that Rothbaum had failed to state a claim upon which relief could be granted. A hearing was held on June 13, 2000, in which the circuit court dismissed Rothbaum's claim for lack of jurisdiction. Rothbaum filed a notice of appeal on June 20, 2000, designating the record of the June 13 hearing as the record on appeal.

For his sole point on appeal, Rothbaum argues that the circuit court erred in dismissing his complaint and asserts that this case should be remanded with instructions requiring a review of his application for disability benefits. Strictly adhering to the mandates of our rules governing preparation of the record and briefs filed with this court, we note that the record before us is insufficient to support a review of the merits of Rothbaum's argument.

We have repeatedly emphasized that it is the appellant's burden to bring up a record sufficient to demonstrate error for appellate review. *Blunt v. Cartwright*, 342 Ark. 662, 30 S.W.3d 737 (2000); *Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999). Moreover, any issue outside the record will not be considered on appeal. *Id.* Here, the record contains neither the order of the Board

denying Rothbaum's request for a hearing, nor the final order of the circuit court dismissing his cause of action.[1] The entire basis for this appeal is that the decision of the Board denying Rothbaum's request for an appeal was arbitrary and capricious, and thus the trial court erred in refusing to grant the writ of mandamus. Without either of these orders in the record, there is nothing before us on which to rule.

Even if we were to ignore this critical defect and review those pleadings found in the record and properly abstracted, it is clear that the circuit court's dismissal of Rothbaum's claim was appropriate. We review a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *Goff v. Harold Ives Trucking Co.*, 342 Ark. 143, 27 S.W.3d 387 (2000); *Arkansas Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000). In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id.*

With this standard in mind, we review Rothbaum's complaint and conclude that he failed to state a claim entitling him to the relief of mandamus. This court has often held that mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law and which requires no exercise of discretion or official judgment. *Sargent v. Foster*, 332 Ark. 608, 966 S.W.2d 263 (1998); *Saunders v. Neuse*, 320 Ark. 547, 898 S.W.2d 43 (1995). This court has held that a writ of mandamus is a discretionary remedy that will be issued only when the petitioner has shown a clear and certain legal right to the relief sought and there is no other adequate remedy available. *Id.* Moreover, a mandamus action enforces the performance of a legal right after it has been established; its purpose is not to establish a right. *Hicks v. Gravett*, 312 Ark. 407, 849 S.W.2d 946 (1993); *Springdale Bd. of Educ. v. Bowman*, 294 Ark. 66, 740 S.W.2d 909 (1987).

Here, Rothbaum seeks a writ of mandamus compelling the Board to review his claim for disability benefits, even though he admits that it was not filed within the time limits required under the

---

[1] While the addendum to Rothbaum's brief contains a photocopy of the circuit court's order, the order does not appear in the record. According to the record's index, the order granting the motion to dismiss appears at page 9, but the record inexplicably skips from page 8 to page 11.

Board's rules. Thus, the very action that Rothbaum seeks to compel is a discretionary one. Because the time for requesting a hearing has passed, any decision by the Board to accept review of Rothbaum's claim would be at the Board's discretion. In other words, there is no legal requirement that the Board review any claim filed outside of the six-month period. Moreover, Rothbaum has not shown that he has a clear and certain legal right to a belated appeal, regardless of who was at fault. Accordingly, mandamus was not appropriate, and the trial court properly dismissed this action.

Affirmed.

GLAZE, J., concurs solely because appellant failed to make his record and also omitted the Board's decision from the abstract of record.