Howard LARRY *v.* GRADY SCHOOL DISTRICT

CA 02-719                                                  119 S.W.3d 528

Court of Appeals of Arkansas
Division III
Opinion delivered May 14, 2003
[Petition for rehearing denied June 18, 2003.]

*Cross, Kearney & McKissic*, by: *Jesse L. Kearney*, for appellant.

*Gibson Law Office*, by: *Chuck Gibson*, for appellee.

OLLY NEAL, Judge. Appellant, Howard Larry, appeals from a decision of the Lincoln County Circuit Court that found he was not entitled to reinstatement to his position as

principal and not entitled to damages. For reversal, Larry contends that the lower court's finding that he was terminated for cause was contrary to the evidence before it and that the court's decision denying his claims for damages and reinstatement was contrary to the law. We affirm.

Larry was employed under a two-year contract as a principal for the appellee, the Grady School District. The duration of the contract was for a two-year period beginning July 1, 1997, and ending on June 30, 1999. Pursuant to the contract, Larry's salary was $48,075.50 per year. On December 17, 1997, Larry was notified in writing by the superintendent that he was being placed on suspension with pay due to allegations of theft of school funds and that the superintendent was recommending his immediate termination. In a letter dated December 19, 1997, Larry requested a hearing before the school board. He was subsequently notified in writing that a hearing would be held on January 15, 1998; however, on the day of the hearing, Larry was notified that the hearing was canceled. On January 21, 1998, Larry was informed in writing by the superintendent that his suspension had ended and the recommendation of termination was being withdrawn.

However, on January 28, 1998, Larry received written notification from the superintendent that he was being placed on suspension and that the superintendent was going to recommend that Larry's employment contract be terminated. The superintendent listed the following reasons for the suggested termination: (1) theft of school funds; (2) sexual harassment of an employee under Larry's supervision; and (3) use of profanity toward that same employee. In response, Larry requested a hearing before the school board. Following a February 23, 1998 hearing, the school board found that the allegations of sexual harassment and use of profanity were untrue but that the allegation of theft of school funds was true. As a result, Larry was terminated.

Larry appealed the school board's decision to the Lincoln County Circuit Court. He asserted that the school board had failed to comply with the Arkansas Teacher Fair Dismissal Act. He requested reinstatement to his position and back pay. On November 5, 1999, Larry filed a motion for summary judgment, in which he stated that the only triable issue was the amount of damages. The court granted the motion for summary judgment

on the issue of the Grady School District's liability but reserved judgment on the issue of damages. The Grady School District does not appeal the grant of summary judgment.

Following a September 4, 2001, hearing on the issue of damages, the court requested briefs on the issues of reinstatement and back pay. On March 29, 2002, the court entered an order in which it found that Larry was terminated for cause and denied Larry's request for reinstatement and monetary relief. This appeal followed.

■■ On appeal, Larry argues that the lower court erred when it denied his request for damages. As a general rule, in employment contract cases, the aggrieved party must use reasonable care, effort, and expenditure to mitigate damages. *Marshall Sch. Dist. v. Hill*, 56 Ark. App. 134, 939 S.W.2d 319 (1997). The measure of damages in such cases is the wages that were to be paid, less any sum earned in mitigation. *Western Grove Sch. Dist. v. Strain*, 288 Ark. 507, 707 S.W.2d 306 (1986). Thus, a teacher has an obligation to obtain other employment in mitigation of damages following the termination of his contract. *See Moore v. Pulaski County Special Sch. Dist.*, 73 Ark. App. 366, 43 S.W.3d 204 (2001); *Western Grove Sch. Dist. v. Strain, supra*. Our supreme court has recognized that a teacher is entitled to damages equivalent to the amount of actual loss sustained as measured by the wages that would have been paid if not for the wrongful discharge. *See Western Grove Sch. Dist. v. Strain, supra*.

At the time of his termination, Larry had one year remaining on his employment contract. During that one-year period, Larry would have earned $48,075.50. It was established that upon his termination with the Grady School District, Larry obtained employment in the Marvell School District, where he earned $49,724.25. This resulted in Larry having surplus income in the sum of $1,648.75. Thus, by mitigating his damages Larry did not suffer any loss.

As part of his damages, Larry requested reinstatement to his former principal position. Before we can determine if Larry was entitled to reinstatement, we must first determine if he was terminated for cause. This necessitates a review of the school board hearing. It is apparent that the lower court had a transcript of the

school board hearing before it and used this transcript to determine if there was cause for Larry's termination. Larry's counsel neither included a copy of the hearing transcript in the record nor did he abstract the hearing transcript. This document is essential to any determination as to whether Larry was entitled to reinstatement.

In *Simmons v. State*, 80 Ark. App. 426, 97 S.W.3d 421 (2003), appellant failed to include a video that was essential to our review of his challenge to the sufficiency of the evidence. There, we ordered appellant to rebrief and supplement the record based upon our interpretation of Rule 6(e) of the Arkansas Rules of Appellate Procedure — Civil, which states that:

> If any difference arises as to whether the record truly discloses what occurred in the circuit court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by *error or accident or is misstated* therein, the parties by stipulation, or the circuit court, either before or after the record is transmitted to the appellate court, or the appellate court on proper suggestion, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted. All other questions as to form and content of the record shall be presented to the appellate court.

(Emphasis added.) Rule 6(e) allows this court to order supplementation of the record when it is clear that something is missing as a result of error or accident by the court reporter or circuit clerk. In *Simmons*, the failure to include the video was not the result of error or accident by the court reporter or circuit clerk, and we now conclude that *Simmons* should have been summarily affirmed.

██ ██ We have repeatedly emphasized that the appellant bears the burden of bringing forth an adequate record on appeal. *See Cannon Remodeling v. The Marketing Co.*, 79 Ark. App. 432, 90 S.W.3d 5 (2002); *see also Rothbaum v. Arkansas Local Police*, 346 Ark. 171, 55 S.W.3d 760 (2001). In the absence of a complete record on appeal, we are compelled to summarily affirm. *See Hankins v. Department of Fin. & Admin.*, 330 Ark. 492, 954 S.W.2d 259 (1997). As in *Simmons*, the omission of the school board hearing was not the result of error or accident by the court

reporter or circuit clerk; therefore, due to the absence of a complete record, we are compelled to affirm.

Affirmed.

GLADWIN and BAKER, JJ., agree.