Tom G. CLOWERS, Constable in and for Washington County, District 2 *v.* Jack LASSITER, Hon. Jack Roberts, Lt. Col. Steve Dozier, Hon. H.G. Foster, J.D. Gingerich, G. David Guntharp, Harold Pointer, Cory Cox, Lt. Jim Montgomery, Larry Norris, David Raupp, Vicki Rima, Chief Danny Bradley, and Sheriff Jay Winters, in Their Official Capacity as the Supervisory Board of the Arkansas Crime Information Center and Sheriff Steve Whitmill (and His Successor in Office) as Sheriff of Washington County, Arkansas

05-9                                         213 S.W.3d 6

Supreme Court of Arkansas
Opinion delivered September 15, 2005

*Duncan & Rainwater, P.A.*, by: *Michael R. Rainwater*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Warren T. Readnour*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Tom G. Clowers is a constable in Washington County. He filed a complaint for declaratory judgment and petition for writ of mandamus in Pulaski County Circuit Court against Appellees Jack Lassiter, Hon. Jack Roberts, Lt. Col. Steve Dozier, Hon. H.G. Foster, J.D. Gingerich, G. David Guntharp, Harold Pointer, Cory Cox, Lt. Jim Montgomery, Larry Norris, David Raupp, Vicki Rima, Chief Danny Bradley, and Sheriff Jay Winters, in their official capacities as members of the Arkansas Crime Information Supervisory Board, and Sheriff Steve Whitmill, in his official capacity as Sheriff of Washington County. According to the allegations in the complaint, Sheriff Whitmill had refused to allow Clowers, a certified law enforcement officer, to have radio access to Arkansas Crime Information Center (ACIC) information, and ACIC had refused to provide him with "rapid information through the use of 'communications technology.'" Clowers requested that the circuit court (1) declare his right pursuant to Ark. Code Ann. § 12-12-201 *et seq.* (Repl. 2003) to transmit information to, and receive information from, ACIC "in the most rapid manner available, which, in most instances, will be via radio transmission" and (2) issue a writ of mandamus to all the appellees so as to insure compliance with the right as declared by the circuit court.

ACIC and Sheriff Whitmill filed separate motions to dismiss, contending that the complaint should be dismissed pursuant to

Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief could be granted. Moreover, ACIC asserted that because it is a state agency created pursuant to Ark. Code Ann. § 12-12-201 *et seq.* and because the relief requested in the complaint would operate to control the action of the State, the suit is barred by the doctrine of sovereign immunity guaranteed by the Arkansas Constitution, Article 5, Section 20. In addition, Sheriff Whitmill claimed that Clowers failed to show that venue was proper in Pulaski County, arguing instead that the complaint against the sheriff should have been filed in Washington County.[1] The circuit court granted ACIC's motion to dismiss, declaring that the sovereign-immunity doctrine barred Clowers' suit against ACIC and, in the alternative, the complaint failed to state facts whereupon relief could be granted. Moreover, the court concluded that the complaint against the sheriff should be dismissed for failure to file the complaint in the proper venue. From the order dismissing the complaint, Clowers filed a timely notice of appeal. We assumed this case as the issue on appeal involves a question of statutory interpretation. Ark. Sup. Ct. R. 1-2(b)(6) (2005).

Our court reviews a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *King v. Whitfield*, 339 Ark. 176, 5 S.W.3d 21 (1999); *Neal v. Wilson*, 316 Ark. 588, 873 S.W.2d 552 (1994). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. *Rothbaum v. Ark. Local Police & Fire Retirement Sys.*, 346 Ark. 171, 55 S.W.3d 760 (2001); *Martin v. Equitable Life Assurance Soc. of the U.S.*, 344 Ark. 177, 40 S.W.3d 733 (2001). Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. Ark. R. Civ. P. 8(a)(1); *Grine v. Board of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999); *Brown v. Tucker*, 330 Ark. 435, 954 S.W.2d 262 (1997).

The instant appeal involves a determination of whether ACIC violated its statutory duties as required by Ark. Code Ann. § 12-12-201 *et seq.* We review statutory interpretation appeals *de novo*, as it is for us to decide the meaning of the statute. *Premium Aircraft Parts, LLC v. Circuit Court of Carroll County*, 347 Ark. 977,

---

[1] Although the sheriff cited Ark. R. Civ. P. 12(b)(6) in his motion to dismiss on the ground of improper venue, the correct rule for such a dismissal is Ark. R. Civ. P. 12(b)(3) (2005).

69 S.W.3d 849 (2002). Likewise, this action requires us to determine whether the circuit court erred in denying Clowers' request for a writ of mandamus against ACIC and Sheriff Whitmill. We have often held that mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law and which requires no exercise of discretion or official judgment. *Rothbaum v. Ark. Local Police & Fire Retirement Sys., supra.* A writ of mandamus is a discretionary remedy that will be issued only when the petitioner has shown a clear and certain legal right to the relief sought and there is no other adequate remedy available. *Id.* Moreover, a mandamus action enforces the performance of a legal right after it has been established; its purpose is not to establish a right. *Id.*

Clowers' first point on appeal challenges the circuit court's finding that the relief sought would limit and control the actions of a state agency, ACIC, and therefore the suit is barred by the doctrine of sovereign immunity. On appeal, Clowers contends that because the relief sought in the complaint is a writ of mandamus, the doctrine of sovereign immunity would not apply. In other words, Clowers asserts,

> [S]ince only the relief requested by [Clowers] was that the [ACIC and the sheriff] perform its clearly required statutory duty . . . the Trial Court clearly erred in ruling — as a matter of law — that the requested relief would "limit and control the actions of a state agency" and thus be "barred by sovereign immunity."

Article 5, Section 20, of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Ark. Const. art. 5, § 20. Sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. *Ark. Tech Univ. v. Link,* 341 Ark. 495, 17 S.W.3d 809 (2000). In determining whether the doctrine of sovereign immunity applies, the court should determine if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. If so, the suit is one against the State and is barred by the doctrine of sovereign immunity. *Ark. Tech Univ. v. Link, supra; Grine v. Board of Trustees, supra; Fireman's Ins. Co. v. Ark. State Claims Comm'n,* 301 Ark. 451, 784 S.W.2d 771 (1990); *Page v. McKinley,* 196 Ark. 331, 118 S.W.2d 235 (1938). There are, however, exceptions to that rule. For example, if the state agency is acting illegally or if a state agency officer refuses to do a purely ministerial action required by statute, an action against the agency or officer is not prohibited.

*Travelers Casualty & Surety Co. v. Ark. State Highway Comm'n*, 353 Ark. 721, 120 S.W.3d 50 (2003); *Comm'n on Judicial Discipline & Disability v. Digby*, 303 Ark. 24, 792 S.W.2d 594 (1990); *Federal Compress & Warehouse v. Call*, 221 Ark. 537, 254 S.W.2d 319 (1953). Thus, if Clowers' suit sought the issuance of a writ of mandamus to enforce a purely ministerial action required by statute, then the suit would not be barred by the doctrine of sovereign immunity.

In this case, Clowers argues that ACIC's refusal to transmit information via radio to him violated Ark. Code Ann. § 12-12-201 *et seq*. Section 12-12-203 of the Arkansas Code Annotated sets forth the duties and responsibilities of the Arkansas Crime Information Supervisory Board, and provides in relevant part as follows:

> (a) The duties and responsibilities of the Supervisory Board for the Arkansas Crime Information Center are to:
>
> . . . .
>
> (3) Provide for adequate security safeguards to ensure that the data available through this system are used only by properly authorized persons and agencies;
>
> . . . .
>
> (5) Establish such regulations and policies as may be necessary for the efficient and effective use and operation of the information center under the limitations imposed by the terms of this subchapter;

Ark. Code. Ann. § 12-12-203 (Repl. 2003). In general, section 12-12-211 requires that criminal information be made available to those authorized under the statute:

> (a)(1) The Arkansas Crime Information Center shall make criminal history records on persons available in accordance with §§ 12-12-1008 — 12-12-1011.
>
> (2) Release of other noncriminal history records shall be in accordance with policies and regulations established by the Supervisory Board of the Arkansas Crime Information Center.
>
> . . . .

(c) An elected law enforcement officer of a political subdivision of this state shall not be allowed access to information from the center unless either the elected law enforcement officer or a law enforcement officer within his or her department has successfully completed the preparatory program of police training required by the Arkansas Commission on Law Enforcement Standards and Training for certification of law enforcement officers.

Ark. Code Ann. § 12-12-211 (Repl. 2003). As indicated by the above-cited statute, the dissemination of criminal history records is governed by Ark. Code Ann. §§ 12-12-1008 – 12-12-1011. Section 12-12-1008 (Repl. 2003) lists the types of information to be disseminated to criminal justice agencies and officials *solely* for criminal justice purposes:

(a) Pending information, conviction information, and nonconviction information available through the Arkansas Crime Information Center, plus information obtained through the Interstate Identification Index or from another state's record system and juvenile aftercare and custody information, shall be disseminated to criminal justice agencies and officials for the administration of criminal justice.

(b) Criminal justice agencies shall query the center to obtain the latest updated information prior to disseminating criminal history information, unless the agency knows that the center does not maintain the information or is incapable of responding within the necessary time period.

(c) If a criminal justice agency disseminates criminal history information received from the center to another criminal justice agency, the disseminating agency shall maintain, for at least one (1) year, a dissemination log recording the identity of the record subject, the agencies or persons to whom the criminal history information was disseminated, and the date it was provided.

(d) Expunged records will be made available to criminal justice agencies for criminal justice purposes as other laws permit.

Ark. Code Ann. § 12-12-1008 (Repl. 2003). Moreover, limitations on the dissemination of criminal history information for noncriminal justice purposes are set forth at Ark. Code Ann. §§ 12-12-1009 – 12-12-1011. Similarly, the preamble to the statute states in relevant part:

Whereas, proper law enforcement, improved public safety and effective administration of justice requires complete and timely information on crime, highway safety problems and the Criminal Justice System . . .

Whereas, a Supervisory Board working closely with criminal justice agencies is needed to administer and control the use and operation of the system; and

Whereas, it is the intent of the Legislature to safeguard all persons from the misuse of criminal records by any person or agency and to provide adequate safeguards and limitations on the use of all criminal history records . . .

A.C.R.C. Notes to Ark. Code Ann. §§ 12-12-201 – 12-12-217 (Repl. 2003).

■ Neither the plain language of the statute establishing ACIC, nor the legislative intent as expressed in the preamble to the statute, requires a law enforcement officer to be provided with a specific type of access such as via radio transmission. Clowers therefore has no clear and certain legal right "to transmit information to, and receive information from, the ACIC system in the most rapid manner available, which, in most instances, will be via radio transmission." Accordingly, because the complaint for declaratory judgment and petition for writ of mandamus seeks to force a state agency to do something more than a purely ministerial action required by statute, the doctrine of sovereign immunity bars Clowers' suit against ACIC.

■ Finally, with regard to his second and third points on appeal, Clowers submits that the circuit court erred in dismissing the claim against ACIC pursuant to Ark. R. Civ. P. 12(b)(6) and in refusing to find that Sheriff Whitmill had been named as a necessary party to the ACIC claim pursuant to Ark. R. Civ. P. 19. We find it unnecessary to address these points because they have been rendered moot by our affirmance of the circuit court's dismissal of the suit against ACIC on sovereign-immunity grounds.

Affirmed.