## FARM BUREAU MUTUAL INSURANCE CO. of ARKANSAS *v.* Gary NOWLIN

CA 06-1053 276 S.W.3d 723

Court of Appeals of Arkansas
Opinion delivered February 20, 2008

---

*Wright, Berry, Hughes & Moore,* by: *Eric G. Hughes,* for appellant.

R. *Theodor Stricker,* for appellee.

DAVID M. GLOVER, Judge. In June 2002, appellee, Gary Nowlin, purchased an insurance policy from appellant, Farm Bureau Mutual Insurance Company, for a house that he owned in Chidester, Arkansas. The house was subsequently destroyed by fire, and appellee filed his claim with appellant. When the claim was denied, appellee filed his complaint against the insurance company. The case was submitted to a jury upon two interrogatories. As a result of the jury's responses to those interrogatories, judgment was entered against appellant. As its sole point of appeal, appellant contends that the verdict is not supported by substantial evidence. We agree and, therefore, reverse and remand.

In determining whether there was substantial evidence to support a jury verdict, we examine the evidence in the light most favorable to the party on whose behalf the judgment was entered and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Northport Health Servs., Inc. v. Owens,* 82 Ark. App. 355, 107 S.W.3d 889 (2003). In reviewing the evidence, the weight and value to be given the testimony of the witnesses is a matter within the exclusive province of the jury. *Id.* Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty; it must force the mind to pass beyond suspicion or conjecture. *Id.*

Here, appellee, Gary Nowlin, testified that after his mother died in August 2002, he had the Chidester house "boarded up," and that no one lived there afterward. He stated that while there was still gas and electrical service to the house, that he "turned off the breaker" at that time. He explained that the fire occurred in May 2003. Nowlin also testified that there was furniture in the house throughout this period of time.

George Bosvenor, appellee's uncle, testified that he "watched out for" the property; that he went out there almost every day and made sure everything was all right; and that he mowed the property every week. He stated that, as far as he knew, no one lived in the house after appellee's mother died, and that it burned almost a year after she died. He said that the house was "basically vacant."

The case was submitted to the jury with two interrogatories: 1) Do you find from a preponderance of the evidence that the home was unoccupied for a period of sixty consecutive days? and 2) Do you find from a preponderance of the evidence that the home was vacant for a period of sixty days? In addition, the jury was instructed in pertinent part:

> It is contended by Farm Bureau that the dwelling was vacant or unoccupied for a period of sixty days. This is a defense to coverage under the policy, and if proven, Gary Nowlin is not entitled to recover any proceeds of the policy. Farm Bureau has the burden of proving by a preponderance of the evidence that the dwelling was vacant or unoccupied for a period of sixty consecutive days.

> In that regard, the home of Gary Nowlin was unoccupied if it was without human inhabitants, but contained enough furnishings or other personal property to show an intent to return and occupy it.

> The home was vacant if it was without human inhabitants, and without enough furnishings or other personal property to show an intent to return or occupy the home.

Following its deliberations, the jury answered "no" to each interrogatory. From our review of the evidence presented to the jury we find that there was substantial evidence to support the jury's answer to the question regarding whether the house was vacant because there was testimony that there was furniture in the house. However, both appellee and his uncle testified that no one lived in the house after appellee's mother died in August 2002. The fire occurred in May 2003, which would have been more than sixty consecutive days following the mother's death. Even examining the evidence in the light most favorable to appellee, we can find no substantial evidence to support the jury's negative response to the interrogatory regarding whether the house was unoccupied. In addition, we dispense with appellee's effort to support the jury's verdict based upon an estoppel theory because the jury was not provided with interrogatories or instructions regarding estoppel. We conclude, therefore, that the jury's verdict in favor of appellee was not supported by substantial evidence and that we must reverse and remand for a new trial.

Reversed and remanded.

VAUGHT, HEFFLEY, and MILLER, JJ., agree.

GRIFFEN and BAKER, JJ., dissent.

KAREN R. BAKER, Judge, dissenting. When a party is given an opportunity to supplement the addendum, and the party fails to do so within the prescribed time limits, we should affirm the circuit court's judgment. *See Heard v. Regions Bank,* 370 Ark. 117, 257 S.W.3d 543 (2007) (affirming trial court's judgment after a review of the clerk's docket sheet showed that Heard failed to supplement the addendum as previously ordered within the prescribed time limits). On May 2, 2007, in an unpublished opinion in *Farm Bureau v. Nowlin,* 2007 WL 1277902 (2007), this court issued an opinion ordering rebriefing and instructing Farm Bureau to cure the deficiencies in the brief by providing a copy of the documents relied upon at trial that were omitted from appellant's abstract and addendum. Included in the documents listed by this court was a copy of the insurance policy (upon which this entire case is based). In response, Farm Bureau filed a motion with this court stating "the language of the insurance policy is abstracted beginning on page 25 of the abstract *through the testimony of Forrest Fletcher. . . .*" (Emphasis added.) "The addendum, on page 34, contains the *letter from Farm Bureau to Nowlin denying his claim,* which includes the relevant language from the insurance policy." (Emphasis added.) In its motion, Farm Bureau acknowledged that the policy was exhibit two at trial; however, it refused to attach the policy. Instead of complying with this court's rebriefing order, Farm Bureau added only two pages of the policy to its addendum. Without a complete record, this court should summarily affirm. *See Larry v. Grady Sch. Dist.,* 82 Ark. App. 185, 119 S.W.3d 528 (2003) (in the absence of a complete record on appeal, we are compelled to summarily affirm the trial court's order).

In the absence of the entire insurance policy this court cannot conduct an effective review. Our supreme court has "consistently adhered" to the notion that the entire contract should be before it, in order to construe any part of the contract. *See First Nat'l Bank v. Griffin,* 310 Ark. 164, 170, 832 S.W.2d 816, 819 (1992). This court adhered to the requirement that we review the entire contract in *Hartford Ins. Co. v. Brewer,* 54 Ark. App. 1, 922 S.W.2d 360 (1996). In *Hartford,* this court stated:

> It is axiomatic that, to determine the rights and duties under a contract, we must determine the intent of the parties. . . . It is well

> settled that the intent of the parties is to be determined *from the whole context of the agreement*; the court must consider the instrument in its entirety. Clearly, it is an appellant's burden to bring up a record sufficient to demonstrate error. Without the contract in question, which may have spoken in any number of ways to the issue of the person or persons entitled to the policy proceeds, we cannot determine whether the trial court erred.

*Id.* at 3, 922 S.W.2d at 362 (citations omitted) (emphasis added). In *Hartford, supra,* the insurance contract did not appear in the abstract or the record, and this court affirmed, concluding that appellant had failed in its burden to produce a record sufficient to demonstrate error. *Id.* In the case at hand, Farm Bureau provided this court with only *two* pages of a contract that is at least *ten* pages in length. *See Gibbs v. Hensley,* 345 Ark. 179, 44 S.W.3d 334 (2001) (summarily affirming where an initial review of the record revealed there were at least fourteen missing documents).

We have repeatedly emphasized that the appellant bears the burden of bringing forth an adequate record on appeal. *See Cannon Remodeling v. The Marketing Co.,* 79 Ark. App. 432, 90 S.W.3d 5 (2002); *see also Rothbaum v. Arkansas Local Police,* 346 Ark. 171, 55 S.W.3d 760 (2001). In the absence of a complete record on appeal, we cannot determine whether substantial evidence supports the jury's verdict, and we are compelled to summarily affirm. *See Hankins v. Dep't of Fin. & Admin.,* 330 Ark. 492, 954 S.W.2d 259 (1997).

GRIFFEN, J., joins.